**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID LACKEY, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>SABER HEALTHCARE HOLDINGS, LLC, *doing business as* SABER HEALTHCARE GROUP,<br><br>Defendant. | ) | Case No. 1:26-cv-2546<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>James E. Grimes, Jr. |
| TIMOTHY COWEN, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>SABER HEALTHCARE HOLDINGS, LLC, *doing business as* SABER HEALTHCARE GROUP,<br><br>Defendant. | ) | Case No. 1:26-cv-2556<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jennifer Dowdell Armstrong |

| | |
|---|---|
| JENNIFER DEVINE AND FELICIA WHITE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SABER HEALTHCARE HOLDINGS, LLC, *doing business as* SABER HEALTHCARE GROUP,<br><br>Defendant. | Case No. 1:26-cv-2575<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jonathan D. Greenberg |
| JODI KNAZEK, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SABER HEALTHCARE HOLDINGS, LLC, *doing business as* SABER HEALTHCARE GROUP,<br><br>Defendant. | Case No. 1:26-cv-2618<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jeniffer Dowdell Armstrong |
| JESSICA MATTERA, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SABER HEALTHCARE HOLDINGS, LLC, *doing business as* SABER HEALTHCARE GROUP,<br><br>Defendant. | Case No. 1:26-cv-2638<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>James E. Grimes, Jr. |

<table>
<tr><td>MEGAN RALEIGH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SABER HEALTHCARE HOLDINGS, LLC, doing business as SABER HEALTHCARE GROUP,<br><br>Defendant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. 1:26-cv-2655<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge Reuben J. Sheperd</td></tr>
<tr><td>IESHIA KINCHEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SABER HEALTHCARE HOLDINGS, LLC, doing business as SABER HEALTHCARE GROUP,<br><br>Defendant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No. 1:26-cv-2779<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jennifer Dowdell Armstrong</td></tr>
</table>

## OPINION AND ORDER

Currently before the Court are seven motions to consolidate related putative class actions and to appoint interim counsel for Plaintiffs. The parties represent that these issues are uncontested, and the Court resolves each in turn. In doing so, the Court makes the following findings of fact and conclusions of law.

## BACKGROUND

On September 29, 2026, Plaintiff David Lackey filed a complaint against Defendant Saber Healthcare Holdings, LLC on behalf of himself and similarly

situated persons alleging negligence, breach of implied contract, and unjust enrichment. (*Lackey* ECF No. 1.) Over the next few weeks, six other actions made substantially similar allegations and asserted the same causes of action against the same Defendant: *Cowen v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02556; *Devine v. Saber Healthcare Holdings, LLC*, No. 1:26 cv-02575; *Knazek v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02618; *Mattera v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02638; *Raleigh v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02655; and *Kinchen v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02779.

All of these actions stem from the same data breach in which Defendants allegedly failed securely to store and protect Plaintiffs' sensitive and confidential information. For present purposes, when citing the record, the Court refers to the *Lackey* complaint unless otherwise indicated and takes Plaintiffs' allegations as true.

Saber Healthcare Group is a senior care and healthcare services provider based in Ohio and operating in five states. (ECF No. 1, ¶ 2, PageID #2.) Plaintiffs are current or former patients of Saber Healthcare. (*Id.*, ¶¶ 1, 3, PageID #1-2.) On July 27, 2026, Saber Healthcare "became aware of unauthorized activity in its IT Network (the 'Data Breach') and launched an investigation to determine the nature and scope" of the breach. (*Id.*, ¶ 4, PageID #2.) One month later, Saber Healthcare completed its investigation and determined that various types of patients' private information were compromised, including name, date of birth, driver's license/State issued identification number, health insurance information, medical information,

financial account information, passport number, and/or social security number. (*Id.*, ¶¶ 5-6, PageID #2.)

Plaintiffs allege that Saber Healthcare failed to "implement reasonable measures to safeguard" patient information and that failure led to the unauthorized disclosure of private data. (*Id.*, ¶ 8, PageID #3.) Moreover, Saber Healthcare allegedly made promises to its patients that their private information would be safe and secure. (*Id.*, ¶ 19, PageID #5.) Plaintiffs seek damages for personal injuries and injunctive relief to ensure that Saber Healthcare implements appropriate safety measures to protect private information. (*Id.*, ¶ 11, PageID #4.)

## ANALYSIS

Rule 42(a) governs motions to consolidate and provides that courts may consolidate actions involving a common question of law or fact. *See* Fed. R. Civ. P. 42(a)(2); *see also, e.g.*, *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court." *Cantrell*, 999 F.3d at 1011 (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)).

In deciding whether to consolidate, a district court must first consider whether a common question of law or fact exists in both actions. *See Weir-Cove Moving & Storage Co. v. Fleet Owners Ins. Fund*, Nos. 1:18-cv-74 & 1:17-cv-1413, 2019 WL 266422, at *2 (N.D. Ohio Jan. 18, 2019) (noting that this determination is a "threshold requirement" for consolidation). If a common question exists, then the court balances the factors identified in *Cantrell*: the risks of prejudice and possible confusion, weighed against "the risk of inconsistent adjudications," the burden on the parties,

"witnesses and available judicial resources posed by multiple lawsuits," the time required to conclude multiple suits as opposed to just one, and the expense to "all concerned of the single-trial, multiple-trial alternatives." *Cantrell*, 999 F.3d at 1011 (quotation omitted) (citing *Hendrix. v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (discussing consolidation of asbestos cases)). "Thus, the decision to consolidate is one that must be made thoughtfully, with specific reference to the factors above." *Innovation Ventures, L.L.C. v. Custom Nutrition Labs., L.L.C.*, 451 F. Supp. 2d 769, 793–94 (E.D. Mich. 2020) (citation and quotation omitted).

## I. Consolidation

Under Rule 42(a), a court is permitted to consolidate actions which involve common questions of law or fact. Fed. R. Civ. P. 42(a)(2). All seven Movants agree that these actions should be consolidated. (ECF No. 6, PageID #64.) Defendant does not oppose. (*Id.*) The Court agrees that consolidation of these actions is appropriate. All seven cases raise common questions of law and fact, and consolidation will serve judicial economy, mitigate delay, and avoid duplicative costs.

First, the Court must determine whether there are questions of law or fact common to all matters. Based on a review of the complaints in each matter, it is clear there are. The legal claims at issue in each action—negligence, breach of contract, and unjust enrichment—are the same. Similarly, the facts giving rise to those claims are related—Plaintiffs, all patients of Saber Healthcare, were allegedly subject to a data breach.

Second, as for the factors identified in *Cantrell*, the Court again agrees with the parties that consolidation will serve judicial economy, mitigate delay, and avoid

duplicative costs. Any risk of prejudice or confusion, to the extent there is any, is overcome by the burden on the parties, witnesses, and judicial resources posed by multiple lawsuits, including the time and expense of multiple suits rather than one. Also, it appears from the complaints that the discovery relevant to each matter overlaps substantially, if not entirely, such that consolidation avoids duplicative document production and depositions. Consolidating the actions also mitigates the risk of inconsistent adjudications.

Accordingly, under Rule 42(a), the Court consolidates all seven actions. The Court directs that all filings be made in the first filed action, *Lackey v. Saber Healthcare Holdings, LLC*, No. 26-cv-02546..

## II. Appointing Interim Counsel

Rule 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Doe v. Weiss*, No. 5:25-cv-827, 2025 LEXIS 140004 (N.D. Ohio May 30, 2025) (quoting Manual for Complex Litigation § 21.11 (4th ed. 2004)). Courts must determine whether the proposed counsel will fairly and adequately represent the interest of the class.

Terence R. Coates of Markovits, Stock & DeMarco, LLC asserts, and Plaintiffs agree, that he should be named interim counsel because he has experience litigating class actions involving data breaches and the necessary resources to litigate this

matter efficiently and effectively. (ECF No. 6-1, PageID #76–79.) Additionally, Mr. Coates has already done extensive work and research in these cases, and he signed all but two complaints in the seven related cases. Mr. Coates agrees to assume all responsibilities and duties that come with the appointment of interim counsel. (ECF No. 6-3, PageID #108.) Accordingly, the Court appoints Terence R. Coats as interim counsel.

## SCHEDULING ORDER

Notwithstanding waiver of service or prior order in a related case, no Defendant need answer, move, or otherwise plead except as set forth in this Order. Plaintiffs shall file a consolidated amended complaint—only in *Lackey*, No. 26-cv-2546—no later than January 4, 2027. Defendant(s) shall answer, move, or otherwise plead by February 18, 2027. Plaintiffs shall response to any motion by March 18, 2027, and any reply is due by April 19, 2027. The Court expects parties to comply with it Civil Standing Order (available here on the Court's website).

## CONCLUSION

For the foregoing reasons, the Court **CONSOLIDATES** *Lackey v. Saber Healthcare Holdings, LLC*, No. 26-cv-02546; *Cowen v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02556; *Devine v. Saber Healthcare Holdings, LLC*, No. 1:26 cv-02575; *Knazek v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02618; *Mattera v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02638; *Raleigh v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02655; and *Kinchen v. Saber Healthcare Holdings, LLC*, No. 1:26-cv-02779 into *Lackey v. Saber Hoealthcare Holdings, LLC*, No. 26-cv-02546, as the first filed case.

Further, the Court **GRANTS** the unopposed motion to appoint Terence R. Coates as interim counsel. Counsel shall make all future filings only *Lackey*, No. 1:26-cv-02546, as the first filed action.

**SO ORDERED**.

Dated: November 17, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio